UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANIEL WILSON,

        Plaintiff,

v.                              Case No. 3:05-cv-1299-J-12MMH

JAMES V. CROSBY, et al.,

        Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

On December 13, 2005, Plaintiff filed a civil rights complaint (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983 against James V. Crosby, Charles Germany, A. Darby, Theresa Phillips and Mrs. Walters. Plaintiff, an inmate confined at Central Florida Reception Center, complains that he was incorrectly considered to be a sexual offender and terminated from his paid institutional job as a canteen operator. As relief, Plaintiff seeks to be returned to his job of canteen operator, to have his lost wages replaced, and to have the Court instruct the Department of Corrections to allow persons without sex crime convictions to hold canteen operator positions and to interpret F.A.C. 33-604.602-(6)(h)3,C to allow Plaintiff to hold such a position.

In response to the Notice of Pendency of Other Actions (Doc. #4), filed December 22, 2005, Plaintiff states that his civil rights case is related to a pending state action. He states: "Plaintiff has petition[ed] for writ of mandamus in the Second Judicial Circuit Court to compel these parties to follow 33-604.602(6)(h)3,C as written allowing him to return to his job."

This Court finds, in the best interest of comity and federalism, this case should be dismissed without prejudice until the state court has an opportunity to rule on the issue before it. Obviously, the state court case involves the same parties and the same issue. The Eleventh Circuit has explained:

> The Supreme Court has held that the doctrines of *res judicata* and collateral estoppel may apply when a Section 1983 action is preceded by a state court action involving the same parties and in which the litigant had a full and fair opportunity to present his claim. See Allen v. McCurry, 449 U.S. 90, 95-97, 101 S.Ct. 411, 415-16, 66 L.Ed.2d 308 (1980). The Supreme Court has also held that "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was ordered." Migra v. Warren City School Dist. Bd. of Ed., 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); Jones v. Gann, 703 F.2d 513, 514 (11th Cir.1983).

George v. White, 837 F.2d 1516, 1518 (11th Cir. 1988). See Carlisle v. Phenix City Bd. of Educ., 849 F.2d 1376, 1380 (11th Cir. 1988).

Therefore, it is now

**ORDERED:**

1. This case is **DISMISSED** without prejudice.

2. The Clerk of the Court shall enter judgment accordingly and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 4TH day of January, 2006.

*Howell W. Melton*
UNITED STATES DISTRICT JUDGE

sa 1/3
c:
Daniel Wilson